UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THOMAS DAVID WEATHERS and KATHY JEAN WEATHERS,<br><br>　　　　Defendants. | Case No. CR04-5487FDB<br><br>ORDER DENYING DEFENDANTS' MOTIONS IN LIMINE, MOTION TO DISMISS INDICTMENT AND MOTIONS TO DISMISS COUNSEL |

This matter having come before the Court on various pre-trial motions, including Defendant Thomas Weathers' motions in limine and motion to dismiss counsel, and Defendant Kathy Weathers' motion to dismiss the indictment and motion to dismiss counsel, and the Court, having reviewed the motions, opposition, the balance of the record, and having heard oral argument of counsel and parties on May 19, 2005, finds, for the reasons set forth below, that the motions shall be denied.

I.

Motions in Limine

A.　Evidence of Defendants' Use of Other Names to Purchase/Hide Assets

Defendant argues that the government should be precluded from introducing evidence of Defendants' use of other individuals, corporate entities or trusts to hide assets because these entities may also have been used for lawful purposes, a distinction which will confuse a jury and which renders the evidence irrelevant.   In addition, because the Government alleges that the assets were

ORDER - 1

placed in the names of "nominees," Defendant contends that the Government must first prove that the entities are nominees under state law. The Court disagrees.

Evidence that Defendants placed assets in the names of third parties is highly relevant as "affirmative acts" to prove willful evasion of tax payment. *See, e.g., United States v. Mal*, 942 F.2d 682, 687 (9th Cir. 1991) (evasion of payment involves conduct designed to place assets beyond government's reach, such as placing assets in the names of others); *Cohen v. United States*, 297 F.2d 760, 761 (9th Cir. 1962) (evidence that defendant placed assets in names of others and paid monies through and in names of others sufficient for conviction for tax evasion). Whether the entities are lawful is immaterial to the relevancy analysis. The Government need not first demonstrate that the entities were themselves first properly constituted before it may present evidence that Defendants engaged in conduct, the likely effect of which was to mislead or conceal their assets in order to evade the payment of taxes. *See*, *e.g., Spies v. United States*, 317 U.S. 492, 499 (1943) (any conduct can constitute an affirmative act for purposes of an evasion charge) and *United States v. Jungles*, 903 F.2d 468, 474 (7th Cir. 1990) (even a lawful activity, if done with the intent to evade, can serve as an affirmative act).

B.  Evidence of Tax Liability

Defendant next argues that the Government should be precluded from introducing evidence that Defendants owe a debt to the IRS because the IRS never verified any debt and never performed a valid administrative assessment properly recorded on a Form 23C.

Defendant repeats arguments here set forth in his motion to dismiss, which the Court previously denied. There is no requirement that there be a record of a formal administrative assessment in order to pursue criminal prosecution for evasion of payment of tax. *United States v. Voorhies*, 658 F.2d 710, 714 (9th Cir. 1981). Form 4340 is adequate evidence of the amount of the Defendant's tax liability. Id. at 715.

ORDER - 2

II.

<u>Motions to Terminate/ Withdrawal of Counsel and Motion to Dismiss Indictment</u>

Defendant Thomas Weathers withdrew the motion to dismiss his counsel during the hearing on May 19, 2005.

Defendant Kathy Weathers filed a "Petition to Dismiss for Cause Under Sixth Amendment Warrant," in which she seeks to dismiss her counsel and argues that the case has been improperly brought on against her "indem sonans ens legis property under false pretenses . . . particularly her secured Right to effective (advisory) assistance of counsel." In light of Defendant Weathers' allegations that her counsel has been absolutely ineffective, he also filed a motion to withdraw.

On September 3, 2004, Defendant Weathers was appointed counsel, whom she sought to dismiss less than one month later, beginning on September 22, 2004, because counsel would not, according to Defendant Weathers, protect her "copyright name" nor file "an effective Habeas Corpus Cum Causa to protect the Lawful woman creditor." That counsel was granted leave to withdraw on October 7, 2004 and Defendant Weathers was appointed her current counsel Ronald Ness. Less than one month after that, Defendant Weathers again complained that she was being denied effective assistance of counsel, because Mr. Ness refused to sign a contract that would make him personally liable to Defendant Weathers if he failed to provide "effective assistance." After Defendant Weathers was advised by the Court that she could not pick and choose her own court-appointed counsel, she chose to represent herself and after determining that her request was knowing, voluntary and unequivocal, the Court granted that request. During a status conference on March 15, 2005, Defendant Weathers decided she no longer wanted to represent herself and asked that the Court reinstate Mr. Ness as her counsel.

Defendant Weathers again represented to the Court during the hearing on May 19, 2005, that she cannot represent herself and that she cannot afford to hire her own counsel. The Court notes that this case has been continued twice from its original trial date of November 8, 2004 and that this

ORDER - 3

motion was brought just a month before trial.

The Court finds that Defendant Weathers' current motion to dismiss her counsel is not timely, the basis of any conflict with her counsel is one of tactics and strategy, and the purpose of the motion is for the purpose of further delaying this case. Defendant Weathers has been appointed two successive counsels (her husband and co-defendant, Thomas Weathers was appointed three successive counsel before he hired private counsel), all able and competent counsel who have appeared before this Court many times. A review of the materials filed by Defendant Weathers detailing her dissatisfaction with counsel reveals the true reasons behind her efforts to terminate counsel is that she is merely seeking to choose counsel of her own liking and one that will adopt her rationale, trial tactics and theory of defense, whether or not grounded in fact or law.

Therefore, the Court finds insufficient grounds for substitution of counsel and that Mr. Ness should remain as Defendant Kathy Weathers' counsel.

ACCORDINGLY,

IT IS ORDERED:

(1) Defendant Thomas Weathers' motion in limine (Docket No. 219) is **DENIED**;

(2) Defendant Thomas Weathers' affidavit of termination of counsel (Docket No. 234) is voluntarily **WITHDRAWN**;

(3) Defendant Kathy Weathers' petition to dismiss indictment and affidavit terminating counsel (Docket Nos. 222 and 223) are **DENIED**; and

(4) Attorney Ronald Ness' motion to withdraw (Docket No. 224) is **DENIED**.

DATED this 23rd day of May, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4